**Carlos MORALES FELICIANO, et al., Plaintiffs,**

v.

**Rafael HERNANDEZ COLON, et al., Defendants.**

**Civ. No. 79–4 (PG).**

United States District Court, D. Puerto Rico.

Feb. 21, 1991.

Nachman & Fernández Seín, Santurce, P.R., McConnell Valdés Kelley Sifre Griggs & Ruiz–Suria, San Juan, P.R., Carlos Ramos Gonzalez, Santurce, P.R., José A. Fernandez–Paoli, Miramar, Santurce, P.R., Carlos Garcia Guttierrez, Hato Rey, P.R., Gonzalez Badillo & Davila, Harry Anduze, Pia Gallegos, Hato Rey, P.R., Jeffrey Williams, San Juan, P.R., for plaintiffs.

Ramirez & Ramirez, Hato Rey, P.R., Pedro Del Valle, Federal Lit. Div., Dept. of Justice, San Juan, P.R., for defendants.

ORDER ESTABLISHING SPECIAL FUND FOR PAYMENT OF PLAINTIFFS' ATTORNEY FEES AND EXPENSES ON A REGULAR BASIS

PEREZ–GIMENEZ, Chief Judge.

By motion of January 22, 1991, plaintiffs' counsel seek the establishment of a special account for monthly advances of attorney fees and expenses from the interest earned on fines paid by defendants pursuant to the court's order of July 23, 1987. They propose detailed and specific procedures for making these advances, including semi-annual reviews pursuant to Title 42 U.S.C. § 1988.

Plaintiffs argue in their motion that the advances they request are justified by the absence of institutional economic support for counsels' efforts. It is true that plaintiffs' litigation efforts are being supported in this case by the attorneys themselves, most of whom are individual practitioners or members of small law firms. No financial support is being provided by such entities as the United States Department of Justice, the National Prison Project, or any legal services organization.

It also is true, as plaintiffs point out, that plaintiffs' counsel were not compensated for their efforts in this litigation for almost ten years. Moreover, they have received no payment in the past eight and one-half months.

Plaintiffs likewise are correct in their assertion that it is beyond dispute that they are prevailing parties. This has been recognized by the defendants themselves, as well as by the court in making its earlier interim awards of fees and expenses. Thus, there is no question about plaintiffs' entitlement to reasonable fees and expenses. As the court has noted on an earlier occasion, plaintiffs' counsel are entitled to compensation for continuing litigation efforts as well as for monitoring activities, even with the appointment of a court monitor in this case. *Duran v. Carruthers*, 885 F.2d 1492 (10th Cir.1989) and cases cited therein.

Finally, it is true, as plaintiffs assert, that the fine fund of more than $30,000,000 has generated substantial interest. More than sufficient funds under the court's control are available to permit advances to plaintiffs' counsel on a monthly basis for six-month periods without depleting the fund and without requiring that such advances be made by defendants.

In their opposition to plaintiffs' motion, defendants argue that the proposed payment mechanism is not contemplated by Title 42 U.S.C. § 1988, and they point to the fact that plaintiffs' have cited no legal authority in support of their motion. In this connection, the court notes that § 1988 sets forth no procedures for payment of fees and costs. It provides simply, in relevant part, that under certain circumstances "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." In this connection, it is noteworthy that § 1988 is intended to benefit the prevailing *party*, the prisoners in this case. Thus, the advances sought by plaintiffs' may be likened to compensation of the plaintiff class for injuries sustained as a result of continued unconstitutional crowding throughout the Administration of Corrections.

Nonetheless, the question raised by plaintiffs' motion appears to be a novel one, as is demonstrated by defendants failure to cite any authority disapproving the procedures sought by plaintiffs. The question is a novel one for obvious reasons. But for the existence of a substantial fund composed of fines paid by defendants for their contumacious conduct, plaintiffs' motion could not be entertained, as the court would have no means by which to make monthly advances in the absence of full-blown adversarial proceedings related to § 1983 applications. Given the existence of the fund in this case, however, it is appropriate for the court to apply equitable principles in ruling on plaintiffs' motion.

At the outset, it should be noted that defendants do not approach the court with clean hands. It is their contumacious conduct that has brought about the establishment of the fine fund; moreover, they offer no substantive justification for refusing plaintiffs' motion. Indeed, the only effect of denial of plaintiffs' motion will be to provide defendants with undue leverage over this litigation by forcing opposing counsel to suffer the hardships associated with substantial delays in payment of reasonable fees and expenses. In this connection, it is worth noting that defendants have fought all applications for payment to date tooth and nail, postponing payment by appeals and administrative delays until the last possible moment. Moreover, it bears repeating that the fines that have been accumulated to date constitute funds under the court's control; they are not monies of the Commonwealth, and the court has made it clear on a number of occasions that the fines will not be returned to the defendants. Thus, use of the fine fund for monthly advances to plaintiffs' counsel, to be reimbursed by defendants following periodic proceedings pursuant to section 1988, is both appropriate and equitable.

In contrast, it is highly inequitable to require counsel who are required and expected to dedicate themselves to the vindication of their clients' constitutional rights to devote numerous hours of effort and to incur substantial expenses without hope of reasonably prompt reimbursement. Indeed, given the near-constant attention that plaintiffs' counsel must give to this litigation to the detriment of their other professional undertakings, it is unlikely that the court can expect highly competent attorneys to provide the extent of representa-

tion required to protect the interests of the plaintiff class unless a fair and equitable procedure is adopted to ensure timely payment of reasonable fees and expenses. Temporary advances from the accumulated fines for this purpose is particularly appropriate in view of the fact that nothing in the record of this case suggests that prior applications by plaintiffs' counsel have been unreasonable in any respect; indeed, all such applications have been approved.

Thus, the equities in this matter appear to lie with the plaintiffs. Although it is theoretically possible for the court to conduct full-blown proceedings pursuant to Title 42 U.S.C. § 1983 on a monthly basis, it simply lacks the resources to do so. Thus, the choices appear to be twofold: require plaintiffs' counsel to suffer substantial delays in payment of reasonable fees and expenses or grant their pending motion. In view of the unusual circumstances surrounding this case that make monthly advances feasible, the fact that preliminary review by the court and regular, semi-annual proceedings pursuant to Title 42 U.S.C. § 1988 will ensure that only appropriate interim awards are made, and the clear balancing of equities in favor of plaintiffs' position, the substance of their motion will be granted. The court will amend the procedures recommended by plaintiffs, however, to ensure that defendants are not prejudiced in any respect by monthly advances from funds under the court's control.

Wherefore, it is hereby

ORDERED that the following procedures shall be followed with respect to advances and to interim awards of fees and costs to plaintiffs:

1. plaintiffs' counsel shall be permitted to file, and serve, detailed monthly statements of fees and expenses within the first five days of each month;

2. the court will review these statements and, to the extent they are approved, order specified sums to be advanced to each attorney;

3. these advances shall be made only from interest earned on fines paid by defendants pursuant to the court's order of July 23, 1987;

4. defendants are granted leave to file objections within 10 days of the filing of each application by plaintiffs' counsel;

5. every six months, the court will review prior advances and any earlier objections filed by defendants and will make an appropriate interim award of fees and expenses pursuant to Title 42 U.S.C. § 1988.

6. interim awards of fees and expenses ordered following review pursuant to Title 42 U.S.C. § 1988 shall be deposited by defendants into the fine fund maintained by the Clerk of Court; and

7. in the event that any previously advanced fees, costs, or both are disallowed as interim awards, plaintiffs' counsel shall reimburse the fine fund forthwith; in the event that any previously claimed fees, costs, or both that were not approved for advance are approved as interim awards, appropriate payments will be ordered to be made by defendants to plaintiffs' counsel.

It is further ORDERED that any attorney representing the plaintiff class who seeks monthly advances pursuant to the procedures set forth above shall be relieved of the obligation to file monthly statements of fees and expenses under seal. In all other respects, the court's order entered on August 18, 1988 and filed on August 19, 1988 shall remain in full force and effect.

SO ORDERED.